UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHANE RYAN GAGE,

    Plaintiff,

  v.                                                                             Case No. 18-C-238

DORIS DEHN,
JASON MCHUGH,
JOHN DOE BANTLEON,
MARY KLEMZ,
DEIDRE MORGAN,
SUSAN OTT,
WALLACE BUMPS,
NANCY IRIZARRY,
STEVE SPANBAUER,
KAREN GOURLIE,
CHARLES KACKTOR,
WELCOME ROSE, and
JANE DOE,

    Defendants.

## SCREENING ORDER

The plaintiff, who is currently serving a state prison sentence at Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee. Plaintiff is required to pay the $350.00 statutory filing fee for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed without prepayment of the full filing fee. Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). Though Plaintiff has been assessed an

initial partial filing fee of $2.27, it appears Plaintiff lacks the funds to pay the initial partial filing fee. Therefore, the court waives the initial partial filing fee and will screen Plaintiff's complaint.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff at all times relevant to the allegations in the complaint was an inmate at Wisconsin Resource Center. Plaintiff alleges that on May 26, 2014, as Plaintiff returned to unit A-1 from lunch,

2

Defendant Doris Dehn, a psychiatric care technician, implied and suggested that he was homosexual. He immediately filed a grievance regarding Dehn's conduct. Plaintiff claims that while he exhausted his administrative remedies, he experienced additional distress caused by IUS Jason McHugh, Social Worker Susan Ott, Administrative Captain Wallace Bumps, Social Services Director Nancy Irizarry, and other psychiatric care technicians. Defendant McHugh investigated Plaintiff's complaints. During the investigation, Plaintiff told Defendant McHugh that he noticed "behavior shifts" in other A-1 inmates, which varied by individual, toward Plaintiff as a result of Defendant Dehn's comments. In particular, Plaintiff asserts he suffered "extended victimization and harassment" from other inmates. Though Plaintiff asked to be transferred from the A-1 unit where Defendant Dehn and her colleagues were stationed, Defendant McHugh denied his requests. Instead, McHugh told Plaintiff he would be transferred to segregation if he did not stop requesting a transfer to a different unit. Plaintiff also alleges Defendant Irizarry failed to intervene after Plaintiff complained to her. Although Irizarry told Plaintiff he was entitled to victim services, he never received them.

### THE COURT'S ANALYSIS

Plaintiff asserts claims against Dehn, McHugh, Ott, Bumps, and Irizarry under the Prison Rape Elimination Act (PREA), 42 U.S.C. § 15601 *et seq.* The PREA was enacted to reduce and eliminate prison sexual abuse by developing national standards for reporting and detection. Nothing in the language of the statute establishes a private right of action. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002) ("[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action."). Therefore, Plaintiff cannot assert a § 1983 claim based on the PREA.

3

In addition, Plaintiff's allegations do not implicate the Eighth Amendment. "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Plaintiff's allegations regarding the effects of the harassment are vague, and he has not alleged that the defendant's verbal harassment rose to the level of cruel and unusual punishment. Although the defendants' comments may be inappropriate, Plaintiff has not stated a conceivable claim upon which relief can be granted.

Plaintiff's claim that Irizarry failed to intervene after Plaintiff complained to her fails for this reason as well. An official can be held liable under § 1983 if she "(1) had reason to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring." *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). Because the conduct Plaintiff complained of does not rise to the level of a constitutional violation, he cannot state a plausible failure-to-intervene claim against Irizarry.

Plaintiff asserts a retaliation claim against McHugh. He claims McHugh threatened to put him in segregation if he did not stop asking to be transferred to a different unit where Dehn and her colleagues were not stationed. To prevail on a First Amendment retaliation claim, Plaintiff must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in McHugh's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Although Plaintiff alleges he made complaints about Dehn's conduct, he does not identify any retaliatory action taken by McHugh or allege that he suffered a deprivation of any kind. In short, Plaintiff has failed to state a retaliation claim against McHugh.

Plaintiff lists Warden John Doe, John Doe Bantleon, Mary Klemz, Deidre Morgan, Steve Spanbauer, Karen Gourlie, Charles Kacktor, and Welcome Rose as defendants, but the complaint fails to contain any allegations against them. Plaintiff has failed to indicate how these defendants violated his constitutional rights or what injury or damage their actions caused him. Therefore, he has failed to state a claim against these defendants, and they will be dismissed from this action.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to use funds from his release account to pay the initial partial filing fee (ECF No. 10) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for class of one certification (ECF No. 5) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding

month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this   5th   day of March, 2018.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court

---

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.